The opinion of the Court was delivered by
Dargan, Ch.
The only comment which I deem necessary on the questions raised in this appeal, in addition to what has been said in the Circuit decree, will relate to the position assumed by the defendant, George H. Tucker, that his answer, denying the title of his testator to the negroes in controversy, should, under the circumstances of this case, be received as evidence of his own title to the said negroes. If the answer is admissible as evidence, I apprehend, that it must be received with the usual force of that kind of evidence, and must prevail, unless contradicted by the testimony of two witnesses, or of one and corroborating circumstances.
The facts are, that the testator died in possession of the ne-groes, the title to whom is involved in this litigation. He used and employed them as he did his other negroes, to the day of his death, without question, or claim on the part of the defendant, who now sets up an adverse right. On a bill filed by some of the legatees against the defendant, George H. Tucker, (who was both legatee and executor,) and against the other legatees, for a partition of the estate, the said executor, in his answer, denied that these two negroes were the property of his testator, and asserted a title in himself. The presiding Chancellor ruled, that the answer of the executor was not admissible as evidence, in support of his claim to the negroes. And this Court is of the opinion, that the Chancellor was right.
When a testator or intestate has died in the possession of personal property, and that fact is alleged after the usual form in a bill for partition or account, against the executor or administrator, the answer of the latter cannot be received as evidence, in *155 support of a title adverse to that ■ of the testator, or intestate. But, the executor or administrator asserting such claim, must proceed to support it by the same evidence, as if he were the actor in the proceedings.
What was the particular form of the plaintiffs’ allegations in this case, has not been satisfactorily shown. The brief sets forth only fragmentary portions of the pleadings. It is assumed, that the bill contained the usual statements of bills for partition and account, under the like circumstances.
The appeal is dismissed, and the Circuit decree affirmed.
Johnston, Dunkin, and Wardlaw, CC., concurred.

Appeal dismissed.